**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7739**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

IVAN ALEXANDER COPELAND, a/k/a Bert,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:13-cr-00091-RGD-DEM-1; 2:14-cv-00539-RGD)

Submitted:  March 4, 2016          Decided:  March 17, 2016

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Ivan Alexander Copeland, Appellant Pro Se.  Benjamin L. Hatch, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivan Alexander Copeland seeks to appeal the district court's order denying his motion for reconsideration of the district court's order denying his 28 U.S.C. § 2255 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on March 30, 2015. The notice of appeal was filed on October 19, 2015.[1] Because Copeland failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

dismiss the appeal.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[2] Alternatively, to the extent that Copeland intended to appeal his criminal judgment entered on December 3, 2013 rather than the district court's March 30, 2015 order, we dismiss the appeal as inordinately late.  See United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008) (court may enforce criminal appeal period sua sponte when delay has been inordinate).